UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GENERAL STEEL DOMESTIC
SALES, LLC, dba GENERAL
STEEL CORPORATION,

          NO. CIV. S-06-411 LKK/KJM

    Plaintiff,

  v.                           O R D E R

JOHN W. SUTHERS, et al.,

    Defendants.
_____/

    The matter is before the court on the motion of Mark S. Cohen, Susan M. Horner, Cohen Horner, LLP, Mark L. Biddison, and Stevens, Littman, Biddison, Tharp & Weinberg ("Counsel") to withdraw as counsel of record for defendants Steelwise, LLC, Harold G. Donahue, and Timothy McKenna ("clients") in the above-captioned case.[1]

////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. Local Rule 78-230(h).

1

Local Rule 83-182(d) states that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared . . . .  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."

Counsel has provided three substantive reasons why the court should grant the motion for leave to withdraw, noting that the clients have deliberately disregarded a written agreement with Cohen Horner, LLP, as to fees and expenses, have rendered it unreasonably difficult for counsel to carry out their duties in this matter effectively, and have knowingly and freely assented to termination of counsel's employment.  Mot. to Withdraw at 2.  Counsel also notes that clients obtained new counsel, and have advised clients that their new counsel should immediately file a substitution of attorney form.  Id.

Counsel has provided notice to their clients orally and via e-mail that either they or their new counsel must personally appear in court on June 26, 2006 for a hearing and on August 7, 2006, for a Status Conference.  Id. at 2-3.  Counsel states they have followed Local Rule 83-182 by giving the last known address of their clients.

2

1     Rule 3-700(C) of the California Rules of Professional Conduct governs the permissive withdrawal of counsel.  That rule provides support for Counsel's motion to withdraw, as demonstrated by the following sections:  A member of the bar may request permission to withdraw where the client:

    (1)"[B]reaches an agreement or obligation to the member as to expenses or fees," 3-700(C)(1)(F); See also In re Cedic Development Co., 219 F.3d 1115, 1116 (9th Cir. 2000);

    (2) "[B]y other conduct renders it unreasonably difficult for the member to carry out the employment effectively," 3-700(C)(1)(D);

    (3) "[K]nowingly and freely assents to termination of the employment," 3-700(C)(5).

    Based on the record before the court, and pursuant to the California Rules of Professional Conduct, the court ORDERS as follows:

    1.  Counsels' motion to withdraw is GRANTED;

    2.  Counsel is directed to serve this order on their clients and to file proof of service of same within five (5) days.

    3.  Counsel is directed to release all client papers and property to clients within fifteen (15) days, including correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert's reports, and other items reasonably necessary to the client's representation, whether the client has paid for them or not, in accordance with Rule 3-700(D) of the California Rules of Professional Conduct.

4.  The Status Conference scheduled for August 7, 2006 at 1:30 p.m. in the above-captioned case is CONFIRMED.  Clients are directed to notify the court of their new attorney or of their intent to proceed <u>in propria persona</u> prior to the status conference.[2]

IT IS SO ORDERED.

DATED:  June 12, 2006

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] Defendants Harold G. Donahue and Timothy McKenna may appear <u>in propria persona</u>, but Steelwise LLC must be represented by counsel.

4