UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GENERAL STEEL DOMESTIC SALES, LLC, dba GENERAL STEEL CORPORATION,

Plaintiff,

v.

JOHN W. SUTHERS, et al.,

Defendants.
______________________________/

NO. CIV. S-06-411 LKK/KJM

O R D E R

This is a RICO and § 1983 action brought by plaintiff General Steel against various defendants who allegedly conspired together to ruin plaintiff's business and induce governmental entities to prosecute plaintiff for consumer law violations. Previously, on March 2, 2007, the court dismissed several defendants for lack of personal jurisdiction and stayed the case pursuant to Younger. Pending before the court is plaintiff's motion to remove the stay, brought on the basis of changed circumstances, and a motion to transfer the action to Colorado under 28 U.S.C. § 1404(a) for

convenience and in the interests of justice.

The Denver Boulder Better Business Bureau ("BBB") and other BBB-affiliated defendants have filed an opposition to the motion to vacate the order of abstention, joined by defendants Gannett Co. and Yost. Included in the BBB's opposition is a motion to stay on an alternate grounds, pursuant to Colorado River. All defendants agree that if the court were to lift the abstention, transfer would be appropriate. The court resolves the matter upon the parties' papers and after oral argument. For the reasons explained below, the court grants the motion to lift the abstention only as to Younger and transfers this action to the District of Colorado, to further order as it believes is appropriate.

## I. Background

The background set forth in the court's March 2, 2007 order is incorporated herein by reference. As the court previously stated, "[t]he crux of plaintiff's complaint is that defendants allegedly conspired together to create the false impression that General Steel, which is in the business of selling steel buildings, was violating consumer protection laws and engaging in unfair business practices and illegal advertising." Order at 3.

After dismissing certain defendants for lack of personal jurisdiction, the court abstained under Younger v. Harris, 401 U.S. 37 (1971), based on three state court actions: one filed by the Colorado Attorney General against General Steel, one filed by the Sacramento District Attorney against General Steel, and one filed

by General Steel against the BBB.[1] Pursuant to a stipulation filed on April 5, 2007, the Colorado Attorney General and the Sacramento District Attorney, among other defendants, were dismissed from this action. All parties remaining in this action appear to agree that, if there is any basis for maintaining the stay under Younger, it derives from the Colorado state court action filed by General Steel against the BBB (the "BBB state court action").

In granting defendants' motion to abstain, this court found that plaintiff's federal action would interfere with the ongoing BBB state court action because the state court judge had, at the time, ordered a stay of that case; accordingly, permitting this suit to go forward would have allowed plaintiff to circumvent that order. Order at 18. The judge in the BBB action ordered a stay because if the factual findings and conclusions of law in the separate state court action brought by the Colorado Attorney General against General Steel became final for purposes of collateral estoppel, this would dispose of at least some of General Steel's claims against the BBB.

The action brought by the Colorado Attorney General concluded on March 8, 2007, when the state court executed a consent decree.[2]

---

[1] Although there was a fourth state court action filed by General Steel against Steelwise LLC and various former General Steel employees, there were no important state interests implicated in that case, and it is therefore not a basis for Younger abstention.

[2] As part of the settlement agreement, General Steel agreed to continuation of the injunction entered after a bench trial and to pay $4.5 million in consumer restitution.

General Steel then moved to lift the stay in the BBB action, which was granted on July 10, 2007. Accordingly, the stay that this court originally relied upon in abstaining under Younger has since been lifted. BBB has filed a motion for summary judgment in the BBB action on July 17, 2007 asserting collateral estoppel on the basis of the Colorado Attorney General action. That motion is presently pending and an opposition has not yet been filed.

## II. Analysis

### A. Younger Abstention

Younger abstention is appropriate where there are ongoing state judicial proceedings that implicate important state interests, where the state proceedings provide an adequate opportunity to raise federal claims, and where the exercise of federal court jurisdiction would interfere with those proceedings. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004). On March 2, 2007, the court found these elements satisfied and stayed the case. General Steel now argues that the court should remove the stay because (1) BBB has opposed efforts by General Steel to raise its federal claims in the BBB state court action, and (2) circumstances have changed such that the original reason for the stay no longer applies.

#### 1. Ability to Assert Federal Claims in State Court Action

The first asserted basis for the motion does not lie and may be dispensed with quickly. General Steel argues that because BBB has indicated that it will object to General Steel's motion for

leave to amend its state court complaint in order to assert its federal claims, it has played "fast and loose" with this court. Earlier, BBB argued in its original abstention motion before this court that there were adequate opportunities to raise General Steel's federal claims in state court.

The fact that BBB is now opposing (or plans to oppose) General Steel's efforts to amend its complaint to assert federal claims has nothing to do with the adequacy of its original opportunity to do so. As this court explained in its previous order, the relevant issue for purposes of Younger abstention is whether a party was given an adequate opportunity to assert its federal claim, not whether the opportunity was actually exercised or was exercised in a timely manner. See Gilbertson, 381 F.3d at 975 (holding that a party's "failure to avail himself of the opportunity does not mean that the state procedures are inadequate"). Accordingly, the court rejects General Steel's argument that the stay should be removed on this basis.

**2. Changed Circumstances**

The second asserted reason for the motion -- that the original reason for the stay no longer applies -- is more serious. General Steel notes that the stay in the BBB state court action (which prompted this court's stay) has been lifted. BBB responds that, notwithstanding this fact, this court's abstention is still appropriate because allowing this case to go forward would require a federal court to adjudicate the collateral estoppel issue presently pending before the BBB state court. BBB maintains that

the collateral estoppel issue implicates important state interest, because, among other things, it raises the question of whether parties may stipulate that a judgment does not have preclusive effect, which BBB asserts is precisely what the Colorado Attorney General and General Steel did in the state court action between them.

BBB argues that "any court that addresses General Steel's civil rights and RICO claims asserted here will necessarily have to resolve the same issue of collateral estoppel that is now being adjudicated in the Colorado BBB action." Opp'n at 15. But the mere fact that a federal court may rule upon this one narrow issue does not mean that it would necessarily interfere with a state court proceeding. To the contrary, in a system that tolerates concurrent jurisdiction, federal and state courts may frequently rule on the same issues. Without more, this single overlap in adjudication is not sufficient to implicate "important state interests" under Younger.

The only other possible federal-state conflict is that there might be an actual disagreement over how to resolve the collateral estoppel issue. For example, BBB seems to argue that if the state court were to find collateral estoppel applicable, and dismiss General Steel's claims against BBB, but this court were to find collateral estoppel inapplicable, and thereby permit General Steel to pursue its claims against BBB, such action would interfere with the state court order.

This is, to say the least, a fairly speculative possibility,

which is insufficient grounds for Younger abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1151 (9th Cir. 2007) ("the district court's finding of an abstention-worthy conflict based on a *potential* for conflict was erroneous") (emphasis in original). BBB's argument rests on the two-fold assumption that federal-state conflict will arise because (1) the state court will find collateral estoppel applicable, and (2) this court will find it inapplicable. But a state court order barring General Steel's claims on the basis of collateral estoppel has not yet been issued; indeed, General Steel has not yet even filed opposition papers to the motion.[3] This not-yet-existing conflict is insufficient grounds for abstention.

Moreover, even if this court were inclined to analyze the merits of the collateral estoppel issue -- which is what General Steel has urged this court to undertake -- it would first wait for the state court to adjudicate its pending motion that raises the same issue. If the state court were to find collateral estoppel inapplicable, and permit General Steel to pursue its claims against BBB, there would be no risk for any alleged federal interference with state court proceedings. On the basis of present circumstances, however, a continued stay under Younger is unwarranted.

////

**B. Colorado River Abstention**

---

[3] The court passes no judgment on the merits of the collateral estoppel issue.

BBB also argues that the court should continue the present stay on the basis of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).[4] The court declines to address this issue. The only obstacle to transferring the action is this court's original stay imposed pursuant to Younger. Once that obstacle has been removed, the case can and should be transferred.[5] Any further action in this case, including resolution of the Colorado River issue, would more appropriately be undertaken by the transferee court.

## III. Conclusion

For the reasons explained above, the court GRANTS the motion to remove abstention only as to the Younger issue and GRANTS the motion to transfer this action to the District of Colorado pursuant to 28 U.S.C. § 1404(a) & (b).

IT IS SO ORDERED.

DATED: October 9, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] In its original motion to abstain, BBB also raised this argument, but the court did not rule on it because the court found sufficient grounds to abstain under Younger.

[5] Although the initial motion to transfer was brought pursuant to 28 U.S.C. § 1404(a) -- which provides that the court may transfer an action for the convenience of parties and witnesses and in the interests of justice -- in light of the defendants' non-opposition to the motion to transfer, the court also has authority to transfer the action pursuant to 28 U.S.C. § 1404(b) -- which permits transfer upon consent or stipulation of the parties.